UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES EDUARDO VELASQUEZ-QUEVEDO,<br><br>Petitioner,<br><br>v.<br><br>HECTOR MIGUEL H.G., WARDEN, GOLDEN STATE ANNEX, *et al*.,<br><br>Respondents. | Case No.   1:26-cv-03751-EJD<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>Re: ECF Nos. 1, 6 |

This habeas action concerns the detention of Petitioner Andres Eduardo Velasquez-Quevedo, a noncitizen who has lived in the United States for over two years. Based on the Government's new interpretation of 8 U.S.C. § 1225(b)(2) as mandating detention for all noncitizens present in the United States without admission, Petitioner was detained without any finding of changed circumstances demonstrating that he was a flight risk or danger to the community. This matter is before the Court on Petitioner's writ of habeas corpus and Respondents' motion to dismiss the petition. *See* ECF Nos. 1, 6. For the reasons explained below, the Court GRANTS Petitioner's writ of habeas corpus and DENIES Respondents' motion to dismiss.

## I.      BACKGROUND

Petitioner is a citizen of Venezuela who entered the United States in March 2024. ECF No. 1 at 1. Shortly after he entered the United States, "[a] border patrol agent encountered" him in El Paso, Texas, placed him under arrest, and transported him to the El Paso Sector Central Processing Center. ECF No. 6-1 at 3. The Department of Homeland Security ("DHS") then placed Petitioner in removal proceedings and elected to release him on his own recognizance "per section 212(a)(6)(A)(i)(I) of the

Immigration and Nationality Act." *Id*. Since his release over two years ago, Petitioner moved to Richmond, California with the support of his cousin, who also lives in the area.  ECF No. 1 at 5. Petitioner was recently charged with operating a bike while under the influence, but otherwise has no criminal convictions. *Id*.

Petitioner was re-detained by Immigrations and Customers Enforcement ("ICE") on April 17, 2026 while attending an immigration-related appointment in San Francisco, California. *Id*.; ECF No. 6-1 at 5. He is now being held at the Golden State Annex in McFarland, California. ECF No. 1 at 5. His motion for bond reconsideration before an Immigration Judge ("IJ") was subsequently denied on the basis that the IJ lacked jurisdiction to grant the bond request. *See* ECF 1-2.

On May 15, 2026, Petitioner filed this petition for writ of habeas corpus, arguing that his re-detention without a finding of flight risk or danger violates the Immigration and Nationality Act ("INA") (count 1), the due process clause of the Fifth Amendment (count 2), and substantive due process (count 3). *Id*. at 7–8. He requests that the Court either grant his immediate release or order a bond hearing before an IJ. ECF No. 1 at 9. In Respondents' two-page opposition, the Government relies entirely on its new interpretation of 8 U.S.C.§ 1225(b) ("Section 1225") as mandating Petitioner's detention, a position Petitioner disputes.  *See* ECF No. 6 at 2.

## II.    LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v.*

United States District Court
Eastern District of California

2

*Davis*, 533 U.S. 678, 687 (2001).

## III.    DISCUSSION

Petitioner asserts three claims for relief, including that his detention violates the INA (count 1), the due process clause of the Fifth Amendment (count 2), and substantive due process (count 3). Because Petitioner's procedural due process claim affords Petitioner all the relief to which he is entitled—namely, release and a pre-deprivation hearing prior to re-detention—the Court need not and does not reach Petitioner's other remaining claims for relief.

### A.    8 U.S.C. § 1225(b)(2) Does Not Apply to Petitioner.

Before turning to Petitioner's due process claim, the Court addresses whether Petitioner may be mandatorily detained under 8 U.S.C. § 1225(b) as Respondents contend. *See* ECF No. 6 at 2. This Court—as well as the majority throughout  the United States—have already concluded that applying Section 1225 to non-citizens like Petitioner who are re-detained within the interior of the United States "(1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, 801 F.Supp.3d 1104, 1112 (E.D. Cal. Sept. 23, 2025) (collecting cases); *see also Lopez-Campos v. Raycraft*, No. 25-1965, 2026 WL 1283891, at *4–11 (6th Cir. May 11, 2026); *Barbosa da Cunha v. Freden*, No. 25-3141-PR, 2026 WL 1146044, at *4–9 (2d Cir. Apr. 28, 2026); *Castanon-Nava v. U.S. Dep't of Homeland Sec.*, No. 25-3050, 2026 WL 1223250, at *21 (7th Cir. May 5, 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395, at *21 (11th Cir. May 6, 2026); *Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1304 (W.D. Wash. Sept. 30, 2025); *Menjivar Sanchez v. Wofford,* No. 1:25-CV-01187-SKO (HC), 2025 WL 2959274, at *3–7 (E.D.Cal. Oct. 17, 2025) (collecting cases); *Shoimov v. Chestnut*, No. 1:25-CV-1603 CSK, 2026 WL 35624, at *4 (E.D. Cal. Jan. 6, 2026); *Singh v. Bondi et al.*, No. 1:26-CV-0396 DC CSK P, 2026 WL 469169, at *3 (E.D. Cal. Feb. 19, 2026); *Sharan S. v. Chestnut*, No. 1:25-cv-01427-KESSKO (HC), 2025 WL 3167826, at *5 (E.D.Cal. Nov. 12, 2025); *Ramirez Clavijo v. Kaiser*, No. 25-CV-06248-BLF, 2025 WL 2419263, at *3 (N.D. Cal. Aug. 21, 2025). As such, Section 1225(b)(2) is not a lawful basis for detention.

3

Further, Petitioner's single biking under the influence arrest does not justify application of Section 1225. Respondents do not point to any portions of the statute or case law that supports the Government's position that a DUI conviction triggers the mandatory detention framework under Section 1225. Courts within this district are in accord. *Llanes Tellez v. Bondi*, No. 25-CV-08982-PCP, 2025 WL 3677937, at *4 (N.D. Cal. Dec. 18, 2025); *Dicxon Jose P.C v. Warden, California City Det. Facility*, No. 1:26-CV-02658-TLN-CSK, 2026 WL 1045516, at *3 (E.D. Cal. Apr. 17, 2026).

### B.      Petitioner's Re-Detention Violated Due Process.

As the Government makes no further argument regarding the basis for Petitioner's detention, the Court next turns to Petitioner's due process claim. Petitioner's constitutional challenge is analyzed "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. 2:25-cv-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (*citing Kentucky Dep't. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)).

#### 1.      Liberty Interest

Petitioner contends that his release from immigration custody by the affirmative act of the Government pursuant to 8 U.S.C. § 1226, and then the over two years of freedom that followed, gave rise to a protected liberty interest. *See* ECF No. 1 at 8. The Court agrees.

The regulations that authorize immigration authorities to release a noncitizen on his own recognizance require that the noncitizen "demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons" and that the noncitizen is "likely to appear for any future proceeding." 8 C.F.R. § 1236.1(c)(8). "Release [therefore] reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk." *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176 (N.D. Cal. 2017), *aff'd sub nom. Saravia for A.H. v. Sessions*, 905 F.3d 1137 (9th Cir. 2018). "Thus, DHS may generally not re-arrest a previously released noncitizen absent a change in circumstances." *Singh*, 2026 WL 468159, at * 2 (internal quotation omitted).

United States District Court
Eastern District of California

4

The record before the Court indicates that immigration authorities determined that Petitioner was neither a flight risk nor dangerous when they chose to release him into the United States over two years ago. *See* ECF No. 6-1 at 3. Since then, Petitioner has developed ties in the community—he has reunited with his cousin, and has begun living and working in Richmond, California. *See* ECF No. 1 at 5. Respondents do not rebut any of these facts.

As such, the Government's election to "release Petitioner under § 1226(a) provided Petitioner with a liberty interest that is protected by the Due Process Clause." *Oliveros v. Kaiser*, No. 25-CV-07117-BLF, 2026 WL 1162724, at *4 (N.D. Cal. Apr. 29, 2026); *see also Ortega v. Bonnar*, 415 F. Supp. 3d 963, 969 (N.D. Cal. 2019) ("Just as people on preparole, parole, and probation status have a liberty interest, so too does [the noncitizen] have a liberty interest in remaining out of custody on bond."); *Pinchi v. Noem*, 792 F.Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("[E]ven when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody she has a protected liberty interest in remaining out of custody."); *He v. Lyons*, No. 25-cv-10639-JSC, 2026 WL 280074, at *3 (N.D. Cal. Feb. 3, 2026) ("Courts throughout the Ninth Circuit have concluded individuals released from immigration custody on bond have a protectable liberty interest in remaining out of custody on bond."); *Guillermo M. R. v. Kaiser*, No. 25-CV-05436-RFL, 2025 WL 1983677, at *4 (N.D. Cal. July 17, 2025) (recognizing that "the liberty interest that arises upon release [from immigration detention] is *inherent* in the Due Process Clause"); *Ortega v. Kaiser*, No. 25-cv-05259-JST, 2025 WL 1771438, at *3 (N.D. Cal. June 26, 2025) (collecting cases finding that noncitizens who have been released have a strong liberty interest). Because Petitioner was released from DHS custody on his own recognizance nearly two years ago, he maintains a protected liberty interest in remaining out of custody.

### 2.    Due Process

Many courts have applied the test established by the Supreme Court in *Mathews v. Eldridge* in considering what process is due in the immigration context. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022). There are three factors relevant to the due process inquiry under the *Mathews* framework: (1) "the private interest that will be affected by the official

United States District Court
Eastern District of California

action," (2) "the risk of an erroneous deprivation … and the probable value, if any, of additional or substitute procedural safeguards," and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

As to the first *Mathews* factor, the Court finds that Petitioner has a substantial private interest in remaining out of immigration custody because he has been released pending civil removal proceedings for over two years. In the intervening years he has developed ties in his community. "[His] detention denies [him] that freedom." *Omer G.G. v. Kaiser*, 815 F. Supp. 3d 1098, 1111 (E.D. Cal. 2025).

Turning to the second factor, "the risk of an erroneous deprivation [of liberty] is high" when, as here, "[the petitioner] has not received any bond or custody redetermination hearing." *A.E. v. Andrews*, No. 1:25-cv-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025). Civil immigration detention, which is "nonpunitive in purpose and effect[,]" is justified when a noncitizen presents a risk of flight or danger to the community. *See Zadvydas*, 533 U.S. at 690; *Padilla v. U.S. Immigr. & Customs Env't*, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023); *Sharan S.*, 2025 WL 3167826, at *8 ("Under section 1226(a), petitioner would be entitled to a bond hearing, and any custody redetermination would have to be based on whether petitioner is 'a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk.'") (quoting *In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006)). The record before the Court indicates that there was no independent finding of changed circumstances by a neutral arbiter before Petitioner was re-detained. As there have been no procedural safeguards to determine if Petitioner's re-detention is justified, "the probable value of additional procedural safeguards, i.e., a bond hearing, is high." *A.E.*, 2025 WL 1424382, at *5.

The final *Mathews* factor also weighs in Petitioner's favor. Although the Government has a strong interest in enforcing the immigration laws, its' interest in detaining Petitioner without a hearing is "low." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019); *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093–95 (E.D. Cal. 2025). In immigration court, custody hearings are routine and impose a "minimal" cost. *Doe*, 787 F. Supp. 3d at 1094. If the government wishes to

re-arrest [Petitioner] at any point, it has the power to take steps toward doing so[,]" but it must provide Petitioner with a hearing first. *Ortega*, 415 F. Supp. 3d at 970.

## IV.    CONCLUSION AND ORDER

For the reasons stated above, the Petition is GRANTED. IT IS HEREBY ORDERED that:

1.    Respondents immediately release Petitioner Andres Eduardo Velasquez-Quevedo (A 245-894-062) from their custody.

2.    Respondents shall not impose any additional restrictions on Petitioner, unless they are determined to be necessary at a future pre-deprivation and/or custody hearing.

3.    If the Government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered. This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

4.    The Clerk of the Court is directed to close this case and enter judgment for Petitioner.

**IT IS SO ORDERED.**

Dated: June 1, 2026

Edward J. Davila
United States Senior District Judge